UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD W. PORTER, JR.,** | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 24-40028-DHH |
| v. | ) | |
| **COMMONWEALTH SUPERIOR COURT, WORCESTER DIVISION, et al.,** | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**March 5, 2024**

**Hennessy, M.J.**

Between October 19, 2023, and February 16, 2024, *pro se* plaintiff Richard W. Porter, Jr., commenced at least seven actions in this Court in which he alleges that, pursuant to a series of commitment orders, he has been wrongfully confined at the Worcester Recovery Center and Hospital ("WRCH") since Fall 2020. His filings indicate that the most recent commitment order was issued by the Worcester District Court on October 18, 2023. *See, e.g.*, *Porter v. Wakefield Police Dept., et al.*, C.A. No. 23-40130-MRG (Dkt. Nos. 5, 6, 10-12).[1] Although the complaints are not identical, the thrust of the pleadings is that Plaintiff's confinement is unlawful. The instant Complaint is no different: Plaintiff seeks discharge from WRCH based on wrongful commitment. *See* Dkt. Nos. 1, 3. The Court RECOMMENDS this action be DISMISSED as Defendants are immune from suit and/or for failure to comply with the proper procedure for a

---

[1] The Court takes judicial notice of documents Plaintiff has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

writ of habeas corpus.  The Court also RECOMMENDS Plaintiff's motion to proceed *in forma pauperis* be DISMISSED as moot.

Plaintiff brings this action against the Massachusetts Superior Courts in Suffolk, Worcester, and Essex counties.  Dkt. No. 1.  He claims that he has been ordered committed at WRCH since November 12, 2020, but that his commitment was wrongful and at times, not supported by an order of commitment.  *Id.*  He has also filed multiple appeals and discharge applications, but the Massachusetts courts have allegedly not held hearings or enforced discharge orders which he has obtained.  *Id.*  In light of his wrongful commitment, Plaintiff requests that he be discharged, his civil commitment order be vacated, backpay be awarded equal to the duration of his commitment, and the F.B.I. escort him from WRCH.  Dkt. No. 3.

State judges and court clerks are absolutely immune from suit for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980).  This immunity extends to instances where judges choose not to act, so long as that decision was within the scope of the court's jurisdiction.  *See Andre v. Moriarty*, No. 11-cv-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011) (dismissing claims brought against two judges because there was "no reasonable or credible allegation that the actions or inactions of these judges were taken outside the scope of their jurisdiction"); *Dore v. Feeley*, No. 12-cv-10016-WGY, 2012 WL 194421, at *4 (D. Mass. Jan. 13, 2012) (same).  Plaintiff has not alleged that the actions taken (or not taken) by the Massachusetts Superior Courts were outside the respective jurisdiction of those courts.  Therefore, to the extent that Plaintiff is challenging the judgment of the judges and judicial officers of the Massachusetts Superior Courts in granting the commitment order or failing to hold hearings, the case should be dismissed as Defendants are immune.

To the extent that Plaintiff is challenging the fact or duration of his commitment at WRCH, I recommend dismissal for failure to follow the protocol for habeas corpus petitions. In a federal court, challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). A party seeking relief through a habeas petition must exhaust available state remedies—including state appellate remedies—prior to seeking habeas relief in a federal court.[2] *See* 28 U.S.C. § 2254(b)(1)(A).

Construing Plaintiff's pleadings in these actions as requests for habeas relief, the Court should deny him the requested relief. Plaintiff does not allege that he has exhausted his state court remedies, and there is no basis for the Court to believe that Plaintiff is without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in a federal district court.

---

[2] In the absence of specific information concerning the underlying commitment and/or criminal proceedings, the Court cannot determine whether the proper vehicle for a person in Porter's situation to seek habeas relief in a federal district court would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (allowing a person "in custody pursuant to the judgment of a State" to seek habeas relief), or under 28 U.S.C. § 2241 (general habeas statute). For purposes of this order, the distinction is irrelevant. Section 2254 explicitly requires a petitioner to exhaust available state remedies. *See* 28 U.S.C. § 2254(b), (c). Although § 2241 does not contain an explicit provision concerning the exhaustion of other remedies, the Court may deny a § 2241 habeas petition if the petitioner has not exhausted his state remedies. *See, e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.").

Accordingly, I RECOMMEND that this action be DISMISSED. Should the Court adopt my dismissal, Plaintiff's motion to proceed *in forma pauperis* should be denied as moot.[3]

                                        /s/ David H. Hennessy
                                        David H. Hennessy
                                        United States Magistrate Judge

---

[3] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).